UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-4833-RGK (MANx) | Date | November 9, 2005 |
|---|---|---|---|

| Title | *ONLINE MERCHANT SYSTEMS, LLC v. OVERTURE SERVICES, INC., et al.* |
|---|---|

Present: The Honorable  R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

Proceedings:   (IN CHAMBERS) DEFENDANTS' MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(f) (DE 19); and DEFENDANTS' MOTION TO DISMISS (DE 20)

## I.   FACTUAL BACKGROUND

On July 1, 2005, Plaintiff Online Merchant Systems ("Plaintiff") filed this action against Yahoo! Inc. ("Yahoo!") and Overture Services, Inc. ("Overture") (collectively, "Defendants"). Plaintiff alleges (1) violation of California's Unfair Competition Law [Cal. Bus. & Prof. Code § 17200]; (2) violation of California's False Advertising Law [Cal. Bus. & Prof. Code § 17500]; (3) unjust enrichment; (4) money had and received; and (5) conversion.

This case concerns the Sponsored Search System ("System"), a search engine patented by Defendants that operates an online auction for premium placement of Internet advertisements. The System is a live, transparent bidding process in which advertisers submit bids, view bids of other advertisers, and update their own bids for placement of their website on a search results page. The System constantly refreshes itself to award the best space on the search results page to the highest bidder.

Plaintiff contends that the System is neither "live" nor "transparent." According to Plaintiff's Complaint, a new budgeting feature of the System creates phantom bidders by causing inactive advertisers to appear as live bidders. Plaintiff contends that inactive advertisers become phantom bidders once their daily dollar budget is reached and they automatically cease bidding in the auction. Plaintiff claims that as a result, Plaintiff and other advertisers were overcharged by Defendants for their advertisements.

On August 26, 2005, Defendants brought the present Motion to Dismiss the Complaint for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b). Defendants also filed the present Motion to Strike under Fed. R. Civ. P. 12(f), contending that Paragraphs fifteen through twenty and thirty-five of the Complaint, which quote language from two of the System's patents are immaterial.

## II. JUDICIAL STANDARD

### A. Motion to Dismiss under FRCP 9(b)

Under Fed. R. Civ. P. 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity" but intent "may be averred generally." This means a pleading "must state the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Where fraud is not an element of a claim, but a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," such claim is said to be "grounded in fraud . . . and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). By contrast, allegations describing non-fraudulent conduct need not be stated with heightened particularity. *Id.* at 1104.

### B. Motion to Strike under FRCP 12(f)

Fed. R. Civ. P. 12(f) allows a party to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" if it has no bearing on the claims and defenses pleaded. *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). "Motions to strike are generally disfavored[,]" and "the court must view the pleading under attack in the light most favorable to the pleader." *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "Evidentiary allegations are not usually proper pleading, but allegations supplying background or historical material or other matter of evidentiary nature will not be stricken unless unduly prejudicial to defendant." *LeDuc*, 814 F. Supp. at 830. "Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken." *Id.*

## III. DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed in its entirety because the unfair competition claim, on which all other claims are dependent, is not pled with particularity under Rule 9(b). Defendants also argue that Paragraphs fifteen through twenty and thirty-five of the Complaint should be stricken under Rule 12(f) because they are immaterial. For the reasons below, the Court denies Defendants' Motions.

### A. The Heightened Pleading Requirements of FRCP 9(b) Do Not Apply to Plaintiff's Complaint

#### 1. *Fraud Is Not an Essential Element of a Claim under Cal. Bus. & Prof. Code § 17200*

The Ninth Circuit has held fraud is not an essential element of a claim brought under Cal. Bus. & Prof. Code § 17200. *Vess*, 317 F.3d at 1105. Accordingly, Plaintiff is not required to plead fraud with particularity for its Section 17200 claim.

#### 2. *Plaintiff's Unfair Competition Claim Is Not Grounded in Fraud*

A claim in which fraud is not an essential element can nevertheless be "grounded in fraud" and be wholly subject to the pleading requirement of Rule 9(b) if a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of the claim." *Vess*, 317 F.3d at 1103-04. Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Id.*

Here, Plaintiff does not allege a unified course of fraudulent conduct because Plaintiff does not allege intent to defraud or justifiable reliance. Rather, Plaintiff alleges that Defendants overcharged Plaintiff through their online auction software, failed to inform Plaintiff of the overcharges, and knowingly denied the existence of phantom bidders. These allegations support a claim under the Cal. Bus. & Prof. Code § 17200, but the claim is not grounded in fraud. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1052 (N.D. Cal. 2004).

        3.    *Paraphrasing the Statutory Definition of Unfair Competition under Cal. Bus. & Prof. Code § 17200 Does Not Allege Fraud*

The words "fraud" and "fraudulent" that appear in Plaintiff's Complaint do not trigger Rule 9(b) application "because the term 'fraudulent' in Cal. Bus. & Prof. Code § 17200 does not refer to the common law tort of fraud." *Qarbon.com Inc.*, 315 F. Supp. 2d at 1052; *Vess*, 317 F.3d at 1103, 1105. The statute defines "unfair competition" as "any unlawful, unfair or *fraudulent* business act or practice." (emphasis added). Merely incorporating this statutory language into Plaintiff's Complaint by alleging that Defendants "acts and practices, described herein, constitute unlawful, unfair, or fraudulent business practices in violation of the Unfair Competition Law," [Compl. ¶ 52; see also ¶¶ 54, 57], is not alleging fraud. *See Qarbon.com Inc.*, 315 F. Supp. 2d at 1052. Thus, the Court finds that dismissal for failure to comply with Rule 9(b) is inappropriate.

### B.   Paragraphs Fifteen Through Twenty and Thirty-Five Are Not Immaterial

Paragraphs fifteen through twenty and thirty-five of the Complaint quote language from two patents of the System that Defendants own. These paragraphs should not be stricken because they provide material background information to the litigation and are not unduly prejudicial to Defendants. *See LeDuc*, 814 F. Supp. at 830. According to these paragraphs, the System works in the following manner: an advertiser submits a bid for its website to appear prominently on a search results page when users of a search engine query a certain search term; the System ranks the bid amounts for the same search term and generates a rank value for all the websites with that search term; the rank value determines their order of appearance on the search results page. The paragraphs further explain that the System enables companies to view bids submitted by others and update their own bid in response. Because Plaintiff alleges that a new budgeting feature created phantom bidders and artificially inflated the bidding process, an explanation of how the System was "live" and "transparent" is critical. The Court finds this information is material to the present litigation and not unduly prejudicial to Defendants. Because the paragraphs cannot be said to have no bearing on the controversy before this Court, Defendants' Motion to Strike is denied.

### IV.   CONCLUSION

In light of the foregoing, Defendants' Motion to Dismiss and Motion to Strike are **denied.**

**IT IS SO ORDERED.**

Initials of Preparer