**WEXLER TORISEVA WALLACE LLP**
Mark J. Tamblyn (State Bar No. 179272)
E-mail: mjt@wtwlaw.us
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

**KERSHAW, CUTTER & RATINOFF LLP**
C. Brooks Cutter (State Bar No. 121407)
E-mail: bcutter@kcrlegal.com
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

*Attorneys for Plaintiff*
[Additional Counsel Listed on Signature Page]

FILED
CLERK, U.S. DISTRICT COURT
APR 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
APR 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED
2007 APR 19 PM 4:43
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6
JS-2/JS-3
Scan Only ✓

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ONLINE MERCHANT SYSTEMS, INC., an Illinois corporation, on behalf of itself, all others similarly situated, and the general public,

Plaintiff,

v.

OVERTURE SERVICES, INC, a Delaware corporation; and YAHOO!, INC., a Delaware corporation,

Defendants.

Case No. 05-4833 RGK (MANx)

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Date: May 14, 2007
Time: 9:00 a.m.
Courtroom: 850

Hon. R. Gary Klausner

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

The Plaintiff's Settlement Class, as defined below, and the settling Defendants, Yahoo!, Inc. and Overture Services, Inc. (collectively "Yahoo!" or "Defendants"), entered into an agreement to settle the above-captioned class action, subject to the Court's approval ("Settlement"). In compliance with Section 1715 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, notice of the Settlement was served upon the Attorney General of the United States and upon the Attorney

DOCKETED ON CM
APR 25 2007
BY 007
117


1381409 1rf - 4/19/2007 1 07 48 PM

Generals of the fifty States and the District of Columbia, and all such notices were timely and complete. Pursuant to the Preliminary Approval Order, this Court conditionally certified the Settlement Class and granted preliminary approval to the Settlement. The Preliminary Approval Order also approved the proposed forms of the notice and notice plan. The Court entered the Preliminary Approval Order after review and consideration of all of the pleadings filed in connection herewith and with the Settlement, is herein incorporated by reference.

In compliance with the Preliminary Approval Order, notice was sent to all Class Members electronically and/or by U.S. mail. The notice program was timely completed.

This matter was then before the Court on Plaintiff's Motion for Final Approval of the Class Action Settlement. The Court read, heard, and considered all the pleadings and documents submitted, and found that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any Class Members. The Court further found that the settlement is fair, reasonable and adequate and that Plaintiff satisfied the standards for final approval of a class action settlement. The Court also concluded that certification of a Settlement Class is the appropriate judicial device under these circumstances. Accordingly, the Court granted Plaintiffs' Motion for Certification of a Settlement Class and Final Approval of Class Action Settlement.

Finally, the Court considered Class Counsel's Application for Award of Attorneys' Fees and Reimbursement of Expenses. Having read, heard, and considered the pleadings, declarations, exhibits, and detailed time and expense reports submitted in connection with that Application, the Court finds that Class Counsel's Application and the fees, expenses, and class representative award are all reasonable and supported by the lodestar analysis. The Court concludes that Class Counsel are entitled to the requested $420,000 in fees and expenses, and that Online

Merchant Systems is entitled to the $2,500 class representative award, both of which were negotiated by the parties.

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding and over all parties to the Action.

2. This Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed settlement.

3. The Class Definition is as follows: All persons and entities which bid and paid for advertising placement in Yahoo!'s Search Marketing System in an advertising auction containing at least one bidder who used the budgeting feature at any time between October 1, 2004 and June 1, 2005.

4. The notice given to the Attorney General of the United States and the Attorney Generals of the fifty States and the District of Columbia satisfied the notice requirements of 28 U.S.C. § 1715(b). The notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the laws of the State of California, Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. All other forms of notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity was afforded to the Settlement Class Members to participate in, comment on and/or object to the settlement. Accordingly, the Court determines that all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion are

bound by this Judgment and Order, and no Class Member may refuse, pursuant to 28 U.S.C. § 1715(e)(1), to comply with or be bound by this Order and Judgment.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court has granted final approval to the Settlement and has found that it is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms of the Settlement Agreement (all of which terms are adopted and incorporated herein by reference).

6. It is hereby ordered that the Releases as set forth in the Settlement Agreement shall have full force and effect. Consequently, by entry of this Order and Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against the Released Parties.

7. "Released Claims" shall mean any and all claims or causes of action of any nature whatsoever, regardless of legal theory and the type of relief or damages claimed, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), and also including "Unknown Claims" (as defined below), that have been or could have been asserted against the Released Parties in the Action or any other complaint, action, or litigation in any other court or forum based upon or in any way relating to the budgeting feature offered by Yahoo! including: (a)Any such claim for breach or violation of, or for benefits conferred by, any federal, state, common or other law or statute, regulation or ordinance, including without limitation those concerning consumer or other transactions, unfair or deceptive business practices, consumer legal remedies, or private attorney general; (b)Any such claim for breach of any duty imposed by law, by contract or

otherwise, including without limitation breach of contract, constructive trust, restitution, or unjust enrichment; (c) Any such claim based on principles of tort law, consumer protection, or other kind of liability including without limitation negligence, fraud or consumer fraud, negligent or intentional misrepresentation, conversion, or other direct or derivative liability; d)Any such claim for declaratory or injunctive relief, restitution or disgorgement, or other equitable relief; and (e) Any such claim for penalties, punitive damages, exemplary damages, or any other claim for damages based on a multiplication of compensatory damages.

8. "Released Parties" shall mean Yahoo!, and its past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, any entities involved directly or indirectly in this Action in which Yahoo! has or has had a controlling interest or that have controlled Yahoo! at any relevant time, accountants, auditors, banks or investment bankers, advisors, personal or legal representative, predecessors, successors, parents, subsidiaries, licensees, divisions, joint ventures, assigns, associates, and related or affiliated entities.

9. "Unknown Claims" means any and all Released Claims that any member of the Settlement Class does not know or even suspect to exist against any of the Released Parties which, if known, might have affected his or her decision regarding the settlement of the Action. The members of the Settlement Class may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions, conduct, events or transactions occurring on or before the date of this Order, without regard

to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

10. No objections have been made to the Settlement.

11. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, with prejudice and without leave to amend, with each party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all members of the Settlement Class shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances in this Action and/or the Released Claims.

12. Within 30 days after the filing of this Final Order, any and all documentation (exclusive of documents filed with the Court) provided by Yahoo! to OMS, Class Counsel, all other counsel of record in the Action for OMS, Class Counsel's experts, or anyone else employed by Class Counsel, and all copies thereof, shall be promptly returned to Yahoo! upon written demand by Yahoo!.

13. The Settlement and all Orders issued in connection with its approval, as well as any act performed or document executed pursuant to the Settlement shall not be considered admissions of liability or fault by Yahoo! or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Yahoo!. The Settlement Agreement and Settlement are not any concession by the parties and, to the extent permitted by law, neither this Final Order nor the Settlement Agreement or Settlement shall be used as evidence of any admission of any fault or omission by Yahoo! or any other person. Neither this Final Order nor the Settlement Agreement, nor the terms and provisions of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or

proceeding, other than such proceedings which may be necessary to consummate or enforce the Settlement Agreement; however, Yahoo! may use the Settlement Agreement or the exhibits thereto, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

14. Without affecting the finality of this Judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all Settlement Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the Settlement, and the claims process thereunder, including an application by any party to the Settlement Agreement for a settlement bar order.

IT IS SO ORDERED.

Dated: APR 2 5 2007

Gary Klausner
The Honorable R. Gary Klausner
UNITED STATES DISTRICT COURT JUDGE